IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN DOE,

    Plaintiff,

v.

WRIGHT STATE UNIVERSITY, *et al.*,

    Defendants.

Case No. 3:16-cv-469

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF JOHN DOE'S MOTION FOR RECONSIDERATION (DOC. #23) OF THE COURT'S AUGUST 24, 2017, DECISION AND ENTRY SUSTAINING MOTION TO DISMISS OF DEFENDANTS WRIGHT STATE UNIVERSITY, SARAH TWILL, MATTHEW BOAZ AND CHRIS TAYLOR AND OVERRULING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY OF PLAINTIFF JOHN DOE (DOC #19); COURT'S AUGUST 24, 2017, DECISION AND ENTRY REMAINS UNCHANGED; PLAINTIFF'S CLAIMS AGAINST DEFENDANTS (DOC. #1) ARE DISMISSED WITH PREJUDICE; JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Plaintiff John Doe ("Doe"), a former member of the Wright State University ("WSU") Men's Varsity Tennis Team ("Team"), alleges that WSU and Sarah Twill, Chair of WSU's Student Appeals Panel; Matthew Boaz, Director of WSU's Office of Equity and Inclusion; and Chris Taylor, the Director of WSU's Office of Community Standards and Student Conduct (collectively "Defendants"), in their respective individual and official capacities, improperly removed him from the Team and terminated his enrollment at WSU. Doe claims that Defendants violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution (claims brought

under 42 U.S.C. § 1983) and Article I, Section Sixteen of the Ohio Constitution. Doc. #1. On August 24, 2017, this Court issued a Decision and Entry sustaining Defendants' Motion to Dismiss, and overruling as moot Doe's Motion for Leave to Proceed Anonymously. Doc. #19 (citing Doc. #2; Doc. #12).

On October 10, 2017, Doe filed the instant Motion for Reconsideration, arguing that a subsequent decision in the U.S. Court of Appeals for the Sixth Circuit either: (a) constituted an intervening change of law regarding the constitutionally-required procedures in a university disciplinary proceeding; or (b) underscored why the Court's August 24, 2017, Entry was clearly erroneous. Doc. #23, PAGEID #272 (citing *Doe v. Univ. of Cincinnati* ("*Cincinnati*"), 872 F.3d 393 (6th Cir. Sept. 25, 2017)). Doe claims that his original Complaint sufficiently stated a claim that Defendants' refusal to allow him to cross-examine Team members at his disciplinary hearing violated his constitutional right to due process. *Id.*, PAGEID #278.[1] For the reasons set forth below, Doe's Motion for Reconsideration is OVERRULED.

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a District Court may, upon good cause shown, modify, reopen or rescind interlocutory orders. It usually does so under one or more of the following circumstances: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, No. 02-5601, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v. Hall Holding Co.*, 990 F.

---

[1] Defendants filed a memorandum *contra* on October 26, 2017, Doc. #24, to which Doe filed no reply.

Supp. 950, 955 (N.D. Ohio 1998)). However, a motion for reconsideration "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided[.]" *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). Doe does not argue that new evidence has become available since the Court's Entry, and he states that he "does not intend to submit an Amended Complaint[.]" Doc. #23, PAGEID #272 n.1. Thus, the Court's analysis is limited to whether: (a) the Court's decision was clearly erroneous; or (b) *Cincinnati* changed the law within the Sixth Circuit regarding a university student's due process rights in an expulsion proceeding, such that Doe's original Complaint set forth a plausible claim that Defendants, in their respective official capacities, violated his due process rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

## II. ANALYSIS

Doe argues that the *Cincinnati* Court set forth an exception to the general rule that cross-examination in a school expulsion proceeding is not necessary to satisfy due process. Doc. #23, PAGEID #276 (quoting *Cincinnati*, 872 F.3d at 403; citing *Newsome v. Batavia Local Sch. Dist.*, 842 F.2d 920, 924-25 (6th Cir. 1988)). The *Cincinnati* Court held that since: (a) the accused student had a significant liberty interest at stake—the chance to pursue postsecondary education; and (b) the University's decision to deprive him of that interest was based primarily on his version of the events vis-à-vis that of the accuser, due process required the University to allow the accused student the

3

opportunity to cross-examine his accuser. 873 F.3d at 402 (citing *Flaim*, 418 F.3d at 641). Doe argues that because: (a) he has the same liberty interest as the accused in *Cincinnati*—and he was expelled for the same reason, alleged sexual misconduct—he satisfied the exception set forth in *Cincinnati*, and Defendants were required to allow him to cross-examine other Team members. Doc. #23, PAGEID #274-77 (citing *Cincinnati*, 872 F.3d at 400; *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 636 (6th Cir. 2005)).

Doe argues that two other points in the Court's Decision and Entry were clearly erroneous in light of *Cincinnati*. <u>First</u>, Doe claims that contrary to the Court's analysis, the fact that the Team members he sought to question were not the accusers was immaterial. Doc. #23, PAGEID #276 (citing Doc. #19, PAGEID #259). He argues that the *Cincinnati* Court emphasized that cross-examination is not merely for the benefit of the accused, but also for the factfinder; "[f]ew procedures safeguard accuracy [of testimony or statements] better than adversarial questioning." *Id.*, PAGEID #276 (quoting *Cincinnati*, 872 F.3d at 401).[2] <u>Second</u>, Doe claims that the *Cincinnati* Court did not consider whether the accused student could demonstrate any harm suffered from his inability to cross-examine his accuser. Doc. #23, PAGEID #276-77 n.4 (citing *Cincinnati*, 872 F.3d at 402). The *Cincinnati* Court did not do so, Doe argues, because the existence of prejudice has no bearing on the ultimate question at the motion to dismiss stage: whether the due process rights of the accused student were violated. *Id.*, PAGEID #277-78 (citing *Zinermon v. Burch*, 494 U.S. 113, 125-126 n.11, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Carey v. Piphus*, 435 U.S. 247, 265-66, 98 S.Ct. 1042, 55

---

[2] Thus, Doe infers, the requested cross examination may have caused the Gender-Based Harassment and Violence Panel to decide in his favor.

4

L.Ed.2d 252 (1978)). Thus, Doe claims, the emphasis on prejudice in this Court's Decision and Entry—*i.e.*, that, because the testimony offered by the witnesses sought to be cross-examined was not adverse, Doe's due process rights could not have been violated—was improper. *Id.*, PAGEID #275, 276-77 (citing Doc. #19, PAGEID #259). Doe argues that, in light of the above, the due process claims in his original Complaint satisfied the *Iqbal* standard and should be allowed to proceed to discovery.

However, there are several important differences that distinguish *Cincinnati* from the instant case. First, in *Cincinnati*, the accused student was not allowed to cross-examine his accuser, who did not attend the hearing but whose written statements were read into the record. 872 F.3d at 397-98. Herein, Doe concedes in his Complaint that he cross-examined at least one of the complainants. Doc. #1, ¶ 55(c)(iv), PAGEID #24. Further, both complainants attended the hearing, and while the Gender-Based Harassment and Violence Panel ("GBHVP") received written statements from the complainants prior to the hearing, Doe does not allege that these statements were read into the record during the hearing. 872 F.3d at 398; Doc. #1, ¶ 55(b), PAGEID #23.

Second, there were no other witnesses whose credibility was at issue in *Cincinnati* besides the accuser and the accused. 872 F.3d at 401 ("John Doe maintains that their sex was consensual; Jane Roe claims that it was not. Importantly, the Committee's finding of responsibility necessarily credits Roe's version of the events and her credibility."). Even if the GBHVP herein credited the complainants' versions of the events vis-à-vis Doe's version, it did so only after Doe cross-examined at least one of the complainants. Doc. #1, ¶ 55(c)(iv), PAGEID #24. Doe does not claim that the GBHVP considered statements or testimony of other Team members in finding him

5

responsible.³ Thus, even after *Cincinnati*, any restriction on cross-examination of non-adverse witnesses is not by itself sufficient for a plausible due process claim.

Finally, the *Cincinnati* Court distinguished its earlier holding in *Flaim* by noting that the accused student in *Flaim* had admitted to the conduct of which he was accused, whereas the accused student in *Cincinnati* had denied all allegations. *Cincinnati*, 872 F.3d at 401. The Court noted that, in light of Flaim's admission, the hearing panel's decision to refuse Flaim's request to cross-examine his arresting officer did not violate his due process rights. *Id.* (citing *Flaim*, 418 F.3d at 641, 643). The instant case is more factually similar to *Flaim* than to *Cincinnati*. In his written appeal of the GBHVP's decision, Doe admitted that he "'poked' or jabbed the complainants and made some comments which I now understand were hurtful." Doc. #12-1, PAGEID #181.⁴ Thus, even if, as Doe alleges in the Complaint, the testimony of the other Team members would have been beneficial to him, Doc. #1, ¶ 55(e), PAGEID #24, the benefit of allowing such testimony would have been minimal, given that he admitted to engaging in the conduct that led to his expulsion. *See Cincinnati*, 872 F.3d at 400 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)) ("we

---

³ In his Motion for Reconsideration, Doe argues that he "[']was denied access to the audio recordings related to all other members of the tennis team involved in this case['] and was not present for this testimony; thus he can only infer from the results of the hearing that this was adverse testimony." Doc. #23, PAGEID #275 n.2 (quoting Doc. #1, ¶ 55(d), PAGEID #24). Contrary to Doe's argument, the Complaint does not permit the inference that the "audio recordings" regarding other Team members was even testimony, much less that such testimony was adverse or considered by Defendants in their decision to expel Doe.

⁴ In the Complaint, Doe references WSU's appeals process, and sues Sarah Twill in her official capacity as Chair of the University Appeals Panel. Thus, Doe's appeal is central to the allegations in the Complaint, and the Court may consider statements contained therein without converting Defendants' Motion to Dismiss to one for summary judgment. *Thomas v. Noder-Love*, No. 13-2495, 621 F. App'x 825, 828 (6th Cir. 2015) (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)).

consider the risk of erroneous deprivation of this interest under the University's current procedures and the value of any additional procedural safeguards plaintiff requests.").

In sum, *Cincinnati* did not constitute a substantive change in the law as to constitutionally-required procedures in university expulsion proceedings. Moreover, the similarities between the instant case and *Flaim*, and their differences from *Cincinnati*, lead this Court to conclude that any refusal by Defendants to allow Doe to cross-examine non-adverse witnesses cannot form the basis of a due process violation. As the Court's August 24, 2017, Decision and Entry was not clearly erroneous, it will not be amended.

### III. CONCLUSION

For the foregoing reasons, Doe's Motion for Reconsideration Doc. #23, is OVERRULED, and all claims in Doe's Complaint, Doc. #1, are DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendants and against Doe.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Dated: November 29, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE